UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

CHARLES V. VACCARO,

                Plaintiff,

- against -

THE BANK OF NEW YORK COMPANY, INC.,

                Defendant.

------------------------------------------------------------

JUDGE COTE

'07 CIV 6793

**NOTICE OF REMOVAL**

[RECEIVED stamp: JUL 27 2007 U.S.D.C. S.D.N.Y. CASHIERS]

      PLEASE TAKE NOTICE that Defendant The Bank of New York ("BNY"), by its undersigned attorneys White & Case LLP, hereby removes the above-captioned state action pending in the Supreme Court of the State of New York, County of New York, Index No. 106254/07 to this Court pursuant to Sections 1331, 1441 and 1446 of Title 28 of the United States Code. In support of this Notice of Removal, BNY states as follows:

## BACKGROUND

      1.      On or about May 8, 2007, Plaintiff Charles V. Vaccaro filed a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York as Index No. 106254/07 ("State Court Action"). Plaintiff's Complaint alleges two causes of action under federal and state law for employment discrimination on the basis of his age.

      2.      The Summons and Verified Complaint constitute all of the process, pleadings and orders delivered to BNY in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Verified Complaint is attached hereto as Exhibit A.

      3.      BNY has not pled, answered or otherwise appeared in the State Court Action.

      4.      The State Court Action is pending within this judicial district.

5.  Pursuant to Section 306 of the New York Business Corporation Law, the New York Secretary of State was served with the Summons and Verified Complaint on June 28, 2007.

6.  Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days of the defendant's receipt of the initial pleading. This Notice of Removal is timely because it is filed within thirty (30) days of June 28, 2007, the date on which BNY was served with the Summons and Verified Complaint.

## GROUNDS FOR REMOVAL

7.  Plaintiff's complaint alleges that he was discharged from employment by BNY under circumstances giving rise to an inference of age discrimination. Plaintiff's complaint alleges a cause of action arising under the provisions of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"). Because the ADEA is a federal statute, this Court has original jurisdiction over this cause of action under 28 U.S.C. § 1331. Thus, removal is proper pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction.

8.  Plaintiff's complaint alleges a second cause of action under the Executive Law of the State of New York for termination of his employment on the basis of his age. This Court has jurisdiction of this second cause of action under 28 U.S.C. § 1367 which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy... ." The facts and allegations that form the basis of the action under New York State law are the same as those that form the basis of the claim under the ADEA. See Compl. ¶ 31 (Ex. A). See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164-165 (1997); Nelson v. City of Rochester,

2

New York, 2007 WL 1885111, at *3 (W.D.N.Y. July 2, 2007) ("Where the complaint pleads both federal and state law claims arising out of the same facts, the entire action may generally be removed, since the federal court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.").

## SERVICE AND NOTICE OF FILING

9.   Written notice of the filing of this Notice of Removal will be promptly served upon the plaintiff and will be filed with the Clerk of the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of this Notice of Removal is attached as Exhibit B.

Dated: New York, New York
       July 27, 2007

WHITE & CASE LLP

*Sharon Parella*

Sharon A. Parella (SP-5183)
Jennifer Frattini (JF-7324)

1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Attorneys for The Bank of New York*

6191078

3

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x
CHARLES V. VACCARO,

                Plaintiff,

  -against-


THE BANK OF NEW YORK COMPANY, INC.,

                Defendant.
----------------------------------------------------------------x

Index No.: _____

**SUMMONS**

*Defendant's Principal Office:*
    *One Wall Street, 29th Floor*
    *New York, NY 10005*

*The basis of venue designated is:*
*Defendant's Principal Office*

To the above named Defendant(s):

        **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the date of service, or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: New York, New York
       April 11, 2007

                          THE LAW OFFICES OF PAUL J. GIACOMO, JR.

                          By:    Rosario DeVito, Esq.
                          Attorneys for Plaintiff
                          The Chrysler Building
                          405 Lexington Avenue, 37th Floor
                          New York, New York 10174

To:    THE BANK OF NEW YORK COMPANY, INC.
        One Wall Street, 29th Floor
        New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

CHARLES V. VACCARO,

          Plaintiff,

-against-

THE BANK OF NEW YORK COMPANY, INC.,

          Defendant.

-----------------------------------------------------------------x

Index No.: _____

**VERIFIED COMPLAINT**

Plaintiff CHARLES V. VACCARO, by and through his attorneys the Law Offices of Paul J. Giacomo, Jr., as and for his Verified Complaint against the Defendant THE BANK OF NEW YORK COMPANY, INC., alleges as follows:

1. Plaintiff CHARLES V. VACCARO (hereinafter "Mr. Vaccaro") is an individual residing at 2 Kensington Drive, Town of Manalapan, State of New Jersey.

2. Upon information and belief, Defendant THE BANK OF NEW YORK COMPANY, INC. (hereinafter "The Bank of New York") is a domestic business corporation duly authorized and existing pursuant to the law of the State of New York with principal executive offices located at One Wall Street, 29th Floor, County, City, and State of New York.

3. Mr. Vaccaro was employed with The Bank of New York for over 25 years, where he was promoted to Vice President and Group Manager of Investment Accounting Services.

4. As part of his responsibilities, Mr. Vaccaro supervised approximately 180 employees, half of which were located in Brooklyn, New York, and the other half located in Lake Mary, Florida.

1

5. Mr. Vaccaro supervised the department responsible for the auditing of transactions for over 1,200 clients, approximately 11,000 accounts valued at nearly $800 billion dollars in assets.

6. Mr. Vaccaro trained and mentored many of the employees he managed, maintaining a professional demeanor through many difficult times and reductions in force.

7. Mr. Vaccaro assisted clients in improving their in-house management, and handled both internal audits and external audits from the Department of Labor.

8. After the events of September 11, 2001, Mr. Vaccaro performed above and beyond his duties and responsibilities, bringing his Wall Street group together after the tragic events.

9. Mr. Vaccaro's group worked out of a disaster recovery area after the Wall Street offices were closed and were back at their offices within a week.

10. The outstanding service of Mr. Vaccaro and his group, highlighted during this crisis, ensured that the Bank of New York's obligation to its clients was met with only a three day delay despite the fact that much of Wall Street was effectively closed down for almost a week.

11. Mr. Vaccaro worked on many high priority projects that affected major clients and on matters that were very sensitive to the Bank of New York's reputation for accuracy and integrity.

12. Some examples are of important projects that Mr. Vaccaro worked on over his more than 25 years of exemplary service are: providing Cash Reserve funds for LASTERS, HERS, AEP, NEW HAMSHIRE, TEACHERS, KMPG, ALASKA and numerous other projects.

13. In addition to his regular duties, Mr. Vaccaro was the project manager for five major projects.

14. He conceived and oversaw the implementation of several special projects, with initiatives that are expected to save The Bank of New York twenty staff members, savings believed to be valued in excess of $2 million dollars.

15. In September 2005, three of the five initiatives had been completed and the remaining two were planned out and ready for implementation. Mr. Vaccaro's supervisor, Vice President William Puck, explicitly stated to Mr. Vaccaro that he would be compensated for his additional work.

16. Mr. Vaccaro also earned sales incentives for 2005 and was due a raise in salary in January of 2006.

17. Many employees, both supervisors and employees under his supervision, can attest to his excellent employment record and upstanding character.

18. Despite Mr. Vaccaro's 25 years of dedication to The Bank of New York and exemplary professionalism, on September 1, 2005, his employment was unjustifiably terminated, only five years away from his attaining retirement age.

19. On June 27, 2006, Mr. Vaccaro filed a complaint with Equal Employment Opportunity Commission ("EEOC") against Defendant The Bank of New York, bearing charge number 520-2006-02377.

20. On March 19, 2007, Plaintiff was issued a Notice of Right to Sue and this action is being commenced within ninety (90) days of receipt of said Notice.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this Verified Complaint as if fully set forth herein at length.

22. Section 623(a)(1) of the Age Discrimination in Employment Act of 1967 ("ADEA") states in relevant part:

> It shall be unlawful for an employer...to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

23. Mr. Vaccaro was born on March 7, 1955, and was within the protected age group of individuals of at least 40 years of age pursuant to 29 U.S.C. § 631 at the time of his termination.

24. Mr. Vaccaro was qualified for his job.

25. Mr. Vaccaro was discharged from employment with the Defendant on September 1, 2005.

26. Mr. Vaccaro's discharge occurred under circumstances giving rise to an inference of age discrimination.

27. Defendant The Bank of New York knew and/or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA, thereby willfully violating the ADEA.

28. Pursuant to Section 626(b) of the ADEA incorporating Section 216(b) of the Fair Labor Standards Act ("FLSA"), an "employer... shall be liable for such legal or equitable relief as may be appropriate..., including ... the payment of wages lost and an additional equal amount as liquidated damages" for willful violations.

29. Pursuant to Section 626(b) of the ADEA incorporating Section 216(b) of the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

30. As a direct and proximate cause of the unlawful termination, age discrimination and willful violation of the ADEA by the Defendant The Bank of New York, the Plaintiff has been damaged and is entitled to a compensatory award in an amount to be determined by a trier of fact but believed to be in excess of Seven Hundred Fifty Thousand ($750,000.00) Dollars, payment of wages lost and an additional equal amount as liquidated damages, and any and all legal fees and disbursements incurred in connection with the prosecution of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Verified Complaint as if fully set forth herein at length.

32. Article 15, Section 296(3)(a) of the Executive Law of the State of New York states in relevant part:

> It shall be an unlawful discriminatory practice…[f]or an employer…to terminate from employment an individual eighteen years of age or older…because of such individual's age.

33. Despite being qualified for the position, Mr. Vaccaro was qualified for his job was discharged from employment with the Defendant on September 1, 2005, as a result of his age.

34. As a direct and proximate cause of the unlawful termination, age discrimination and violation of the Executive Law of the State of New York by the Defendant The Bank of New

5

York, the Plaintiff has been damaged and is entitled to a compensatory award in an amount to be determined by a trier of fact but believed to be in excess of Seven Hundred Fifty Thousand ($750,000.00) Dollars, payment of wages lost and an additional equal amount as liquidated damages, and any and all legal fees and disbursements incurred in connection with the prosecution of this action.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

1. On the First Cause of Action, an award of compensatory damages against the Defendant for willful violation of the ADEA in an amount to be determined by a trier of fact but believed to be in excess of Seven Hundred Fifty Thousand ($750,000.00) Dollars, payment of wages lost and an additional equal amount as liquidated damages, and any and all legal fees and disbursements incurred in connection with the prosecution of this action.

2. On the Second Cause of Action, an award of compensatory damages against the Defendant for willful violation of Article 15, Section 296(3)(a) of the Executive Law of the State of New York in an amount to be determined by a trier of fact but believed to be in excess of Seven Hundred Fifty Thousand ($750,000.00) Dollars;

Together with the costs and disbursements associated with the prosecution of this action, interest, and such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
April 11, 2007

                        Yours, etc.

                        LAW OFFICES OF PAUL J GIACOMO, JR.

                        By: Rosario DeVito, Esq.
                        Attorneys for Plaintiff
                        405 Lexington Avenue, 37th Floor
                        New York, NY  10174
                        T: 212-486-0200

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

CHARLES V. VACCARO, being duly sworn deposes and says:

1. I am a Defendant in this action and as such am fully familiar with the facts surrounding this proceeding.

2. I have reviewed the foregoing VERIFIED COMPLAINT and know the contents thereof, and same are true to the best of my knowledge, information and belief except as to those matters which are alleged upon information and belief, and as to those matters I believe them to be true.

_____
CHARLES V. VACCARO

Sworn to before me this
13th day of April, 2007

_____
Notary Public

ROSARIO DEVITO
Notary Public, State of New York
No. 02DE6111292
Qualified in Kings County
Commission Expires June 7, 2008

8

STATE OF NEW YORK, COUNTY OF                    Index No.           Year

CHARLES V. VACARRO

Plaintiff

-against-

THE BANK OF NEW YORK COMPANY, INC.

Defendant

**SUMMONS AND VERIFIED COMPLAINT**

THE LAW OFFICES OF PAUL J. GIACOMO, JR.

*Attorney(s) for* Plaintiff
*Office and Post Office Address, Telephone*

405 LEXINGTON AVENUE
37TH FLOOR
NEW YORK, NEW YORK 10174
212-486-0200

To

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

**PLEASE TAKE NOTICE**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                                              of which the within is a true copy
will be presented for settlement to the HON.                                               one of the judges of the
within named Court, at
on                                at                      M.
Dated:

Yours, etc.

State of New York - Department of State
Division of Corporations

Party Served:
THE BANK OF NEW YORK COMPANY, INC.

Plaintiff/Petitioner:
VACCARO, CHARLES V

THE BANK OF NEW YORK COMPANY, INC.
ATTN: LEGAL DEPT, HEAD OF LIT.
ONE WALL STREET
NEW YORK, NY 10286

JUL - 6 2007

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 06/28/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------
CHARLES V. VACCARO,

                                Plaintiff,

    - against -

THE BANK OF NEW YORK COMPANY, INC.,

                                Defendant.
-----------------------------------------------------------------

Index No. 106254/07

**NOTICE OF FILING**

TO CHARLES V. VACCARO AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant The Bank of New York, by its undersigned attorneys White & Case LLP, has filed a Notice of Removal of this action with the United States District Court for the Southern District of New York. A copy of this Notice has also been provided to the Clerk of the Supreme Court of the State of New York, County of New York.

The removal of this action is authorized by 28 U.S.C. §§ 1331, 1441 and 1446 and the filing of a copy of the Notice of Removal with the Clerk of the Supreme Court of New York precludes the Supreme Court of New York from any further proceedings in the action unless and until the action is remanded by the United States District Court.

Dated: New York, New York
        July 27, 2007

WHITE & CASE LLP

*(signature)*
Sharon A. Parella (SP-5183)
Jennifer Frattini (JF-7324)

1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Attorneys for The Bank of New York*

6192845