UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

CHARLES V. VACCARO,

        Plaintiff,

Index No.: 07 Civ. 6793

-against-

THE BANK OF NEW YORK COMPANY, INC.,

**VERIFIED**
**AMENDED COMPLAINT**

        Defendant.

----------------------------------------------------------------x

      Plaintiff CHARLES V. VACCARO, by and through his attorneys the Law Offices of Paul J. Giacomo, Jr., as and for his Verified Amended Complaint against the Defendant THE BANK OF NEW YORK COMPANY, INC., alleges as follows:

      1.    Plaintiff CHARLES V. VACCARO (hereinafter "Mr. Vaccaro") is an individual residing at 2 Kensington Drive, Town of Manalapan, State of New Jersey.

      2.    Upon information and belief, Defendant THE BANK OF NEW YORK COMPANY, INC. (hereinafter "The Bank of New York") is a domestic business corporation duly authorized and existing pursuant to the law of the State of New York with principal executive offices located at One Wall Street, 29th Floor, County, City, and State of New York.

      3.    Mr. Vaccaro was employed with The Bank of New York for over 25 years, where he was promoted to Vice President and Group Manager of Investment Accounting Services.

      4.    As part of his responsibilities, Mr. Vaccaro supervised approximately 180 employees, half of which were located in Brooklyn, New York, and the other half located in Lake Mary, Florida.

5. Mr. Vaccaro supervised the department responsible for the auditing of transactions for over 1,200 clients, approximately 11,000 accounts valued at nearly $800 billion dollars in assets.

6. Mr. Vaccaro trained and mentored many of the employees he managed, maintaining a professional demeanor through many difficult times and reductions in force.

7. Mr. Vaccaro assisted clients in improving their in-house management, and handled both internal audits and external audits from the Department of Labor.

8. After the events of September 11, 2001, Mr. Vaccaro performed above and beyond his duties and responsibilities, bringing his Wall Street group together after the tragic events.

9. Mr. Vaccaro's group worked out of a disaster recovery area after the Wall Street offices were closed and were back at their offices within a week.

10. The outstanding service of Mr. Vaccaro and his group, highlighted during this crisis, ensured that the Bank of New York's obligation to its clients was met with only a three day delay despite the fact that much of Wall Street was effectively closed down for almost a week.

11. Mr. Vaccaro worked on many high priority projects that affected major clients and on matters that were very sensitive to the Bank of New York's reputation for accuracy and integrity.

12. Some examples are of important projects that Mr. Vaccaro worked on over his more than 25 years of exemplary service are: providing Cash Reserve funds for LASTERS, HERS, AEP, NEW HAMSHIRE, TEACHERS, KMPG, ALASKA and numerous other projects.

13. In addition to his regular duties, Mr. Vaccaro was the project manager for five major projects.

14. He conceived and oversaw the implementation of several special projects, with initiatives that are expected to save The Bank of New York twenty staff members, savings believed to be valued in excess of $2 million dollars.

15. In September 2005, three of the five initiatives had been completed and the remaining two were planned out and ready for implementation. Mr. Vaccaro's supervisor, Vice President William Puck, explicitly stated to Mr. Vaccaro that he would be compensated for his additional work.

16. Mr. Vaccaro also earned sales incentives for 2005 and was due a raise in salary in January of 2006.

17. Many employees, both supervisors and employees under his supervision, can attest to his excellent employment record and upstanding character.

18. Despite Mr. Vaccaro's 25 years of dedication to The Bank of New York and exemplary professionalism, on September 1, 2005, his employment was unjustifiably terminated, only five years away from his attaining retirement age.

19. On June 27, 2006, Mr. Vaccaro filed a complaint with Equal Employment Opportunity Commission ("EEOC") against Defendant The Bank of New York, bearing charge number 520-2006-02377.

20. On March 19, 2007, Plaintiff was issued a Notice of Right to Sue and this action is being commenced within ninety (90) days of receipt of said Notice.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this Verified Complaint as if fully set forth herein at length.

22. Section 623(a)(1) of the Age Discrimination in Employment Act of 1967 ("ADEA") states in relevant part:

> It shall be unlawful for an employer...to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

23. Mr. Vaccaro was born on March 7, 1955, and was within the protected age group of individuals of at least 40 years of age pursuant to 29 U.S.C. § 631 at the time of his termination.

24. Mr. Vaccaro was qualified for his job.

25. Mr. Vaccaro was discharged from employment with the Defendant on September 1, 2005.

26. Mr. Vaccaro's discharge occurred under circumstances giving rise to an inference of age discrimination.

27. Defendant The Bank of New York knew and/or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA, thereby willfully violating the ADEA.

28. Pursuant to Section 626(b) of the ADEA incorporating Section 216(b) of the Fair Labor Standards Act ("FLSA"), an "employer... shall be liable for such legal or equitable relief as may be appropriate..., including ... the payment of wages lost and an additional equal amount as liquidated damages" for willful violations.

29. Pursuant to Section 626(b) of the ADEA incorporating Section 216(b) of the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

30. As a direct and proximate cause of the unlawful termination, age discrimination and willful violation of the ADEA by the Defendant The Bank of New York, the Plaintiff has been damaged and is entitled to a compensatory award in an amount to be determined by a trier of fact but believed to be in excess of Seven Hundred Fifty Thousand ($750,000.00) Dollars, payment of wages lost and an additional equal amount as liquidated damages, and any and all legal fees and disbursements incurred in connection with the prosecution of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Verified Complaint as if fully set forth herein at length.

32. Article 15, Section 296(3)(a) of the Executive Law of the State of New York states in relevant part:

> It shall be an unlawful discriminatory practice...[f]or an employer...to terminate from employment an individual eighteen years of age or older...because of such individual's age.

33. Despite being qualified for the position, Mr. Vaccaro was discharged from employment with the Defendant on September 1, 2005, as a result of his age.

34. As a direct and proximate cause of the unlawful termination, age discrimination and violation of the Executive Law of the State of New York by the Defendant The Bank of New York, the Plaintiff has been damaged and is entitled to a compensatory award in an amount to be

determined by a trier of fact but believed to be in excess of Seven Hundred Fifty Thousand ($750,000.00) Dollars, payment of wages lost and an additional equal amount as liquidated damages, and any and all legal fees and disbursements incurred in connection with the prosecution of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this Verified Complaint as if fully set forth herein at length.

36. Section 8-107(a) of the Administrative Code of the City of New York states in relevant part that:

> [i]t shall be unlawful discriminatory practice…[f]or an employer or an employee or agent thereof, because of the actual or perceived age … of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

37. Despite being qualified for the position, Mr. Vaccaro was discharged from employment with the Defendant on September 1, 2005, as a result of his age.

38. As a direct and proximate cause of the unlawful termination, age discrimination and violation of the relevant sections of the Administrative Code of the City of New York by the Defendant The Bank of New York, the Plaintiff has been damaged and is entitled to a compensatory award in an amount to be determined by a trier of fact but believed to be in excess of Seven Hundred Fifty Thousand ($750,000.00) Dollars, and any and all legal fees and disbursements incurred in connection with the prosecution of this action.

39. Pursuant to Section § 8-502 of the Administrative Code of the City of New York, Plaintiff is entitled to an award of punitive damages in an amount to be determined by a trier of fact but believed to be in excess of Two Million ($2,000,000.00) Dollars.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

1. On the First Cause of Action, an award of compensatory damages against the Defendant for willful violation of the ADEA in an amount to be determined by a trier of fact but believed to be in excess of Seven Hundred Fifty Thousand ($750,000.00) Dollars, payment of wages lost and an additional equal amount as liquidated damages, and any and all legal fees and disbursements incurred in connection with the prosecution of this action.

2. On the Second Cause of Action, an award of compensatory damages against the Defendant for willful violation of Article 15, Section 296(3)(a) of the Executive Law of the State of New York in an amount to be determined by a trier of fact but believed to be in excess of Seven Hundred Fifty Thousand ($750,000.00) Dollars;

3. On the Third Cause of Action, an award of compensatory damages against the Defendant for willful violation of Section 8-107 of the Administrative Code of the City of New York in an amount to be determined by a trier of fact but believed to be in excess of Seven Hundred Fifty Thousand ($750,000.00) Dollars; and an award of punitive damages in an amount to be determined by a trier of fact but believed to be in excess of Two Million ($2,000,000.00) Dollars;

Together with the costs and disbursements associated with the prosecution of this action, interest, and such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
December 12, 2007

        Yours, etc.

        LAW OFFICES OF PAUL J GIACOMO, JR.

        _[signature]_

        Paul J. Giacomo, Jr. (PG8773)
        Rosario DeVito, Esq. (RD4770)
        *Attorneys for Plaintiff*
        405 Lexington Avenue, 37th Floor
        New York, New York 10174
        T: (212) 486-0200
        F: (212) 867-5570

To:   WHITE & CASE LLP
      *Attorneys for Defendant*
      Sharon A. Parella
      Tal Marnin
      1155 Avenue of the Americas
      New York, New York 10036

# VERIFICATION

STATE OF New Jersey )
                    ) ss.:
COUNTY OF Monmouth )

CHARLES V. VACCARO, being duly sworn deposes and says:

1. I am a Defendant in this action and as such am fully familiar with the facts surrounding this proceeding.

2. I have reviewed the foregoing VERIFIED AMENDED COMPLAINT and know the contents thereof, and same are true to the best of my knowledge, information and belief except as to those matters which are alleged upon information and belief, and as to those matters I believe them to be true.

_____
CHARLES V. VACCARO

Sworn to before me this
12 day of December, 2007

_____
Notary Public

NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES JULY 22, 2009

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff's Notice of Appearance was served via first class mail, postage prepaid, this 13th day of December, 2007 upon the following:

Sharon A. Parella
Jennifer Frattini
Tal Marnin
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036


Paul J. Giacomo, Jr. (PG8774)