UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
CHARLES V. VACCARO,

                                    Plaintiff,

- against -

THE BANK OF NEW YORK COMPANY, INC.,

                                    Defendant.
-------------------------------------------------------------------------

No. 07 CV 6793

**VERIFIED ANSWER TO VERIFIED AMENDED COMPLAINT**

Defendant The Bank of New York, by its undersigned Attorneys White & Case LLP, answers Plaintiff Charles V. Vaccaro's Verified Amended Complaint ("Complaint") as follows:

## RESERVATION OF RIGHTS

BNY is continuing to investigate all matters raised in plaintiff's Complaint. As such, BNY reserves the right to supplement, modify or otherwise amend this Verified Answer if and when additional information becomes available.

## ANSWER TO SPECIFIC ALLEGATIONS

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except admits that plaintiff is an individual.

2. Denies the allegations in paragraph 2 of the Complaint, except avers that BNY is a domestic business corporation duly authorized and existing pursuant to the laws of the State of New York with principal executive offices located at One Wall Street, New York, New York, 10286.

3. Admits the allegations in paragraph 3 of the Complaint.

4. Admits the allegations in paragraph 4 of the Complaint, except avers that at the time of plaintiff's termination (and not through his entire employment) he supervised approximately 180 employees.

1

5. Denies the allegations in paragraph 5 of the Complaint, except avers that plaintiff managed the "team managers" within his department, who were responsible for auditing transactions for approximately 1,200 clients and approximately 11,000 accounts valued at approximately $800 billion in assets.

6. Denies the allegations in paragraph 6 of the Complaint, except (i) avers that plaintiff was perceived by many employees as creating a menacing work environment in which employees felt extremely intimidated by plaintiff's management style, and (ii) avers that during plaintiff's employment, plaintiff was the subject of two sexual harassment investigations arising from employees' complaints about him.

7. Denies the allegations in paragraph 7 of the Complaint, except avers that plaintiff assisted clients in approving the processes within BNY and assisted in responding to Department of Labor audits.

8. Denies the allegations in paragraph 8 of the Complaint.

9. Admits the allegations in paragraph 9 of the Complaint, except denies that the members of plaintiff's group were back in their offices within a week of September 11, 2001.

10. Denies the allegations in paragraph 10 of the Complaint, except avers that at all times BNY ensures that it will meet its obligations to its clients.

11. Denies the allegations in paragraph 11 of the Complaint, except avers that plaintiff had significant professional responsibilities during his employment with BNY which he was required to fulfill in a professional manner at all times.

12. Denies the allegations in paragraph 12 of the Complaint, except (i) denies knowledge or information sufficient to form a belief as to what plaintiff means by the terms "Cash Reserve

funds for LASTERS," as well as other abbreviations set forth in this paragraph 12, and (ii) avers that plaintiff worked on various projects during his approximately 25 years of employment.

13. Denies the allegations in paragraph 13 of the Complaint, except avers that during his employment with BNY, plaintiff worked on approximately five projects involving enhancements to the investment accounting system.

14. Denies the allegations in paragraph 14 of the Complaint, except avers that during his employment with BNY, plaintiff worked on approximately five projects involving enhancements to the investment accounting system.

15. Denies the allegations in paragraph 15 of the Complaint, except avers that plaintiff's supervisor, William Puck, informed plaintiff that he would recommend plaintiff for incentive compensation if plaintiff performed his responsibilities and any additional work in an exemplary manner.

16. Denies the allegations in paragraph 16 of the Complaint, except (i) avers that plaintiff received incentive compensation for 2005, and (ii) avers that salary increases are based on merit and are generally granted only in accordance with BNY's salary review cycle.

17. Denies the allegations in paragraph 17 of the Complaint, except avers that numerous employees have stated that plaintiff was an intimidating manager for whom it was miserable to work and have described him as controlling, invoking a policy of favoritism, and generally vengeful.

18. Denies the allegations in paragraph 18 of the Complaint, except avers that BNY terminated plaintiff's employment on September 1, 2005 for reasons which include plaintiff's significantly inappropriate conduct as a manager and extreme lack of professionalism with respect to the employees he supervised.

19. Admits the allegations in paragraph 19 of the Complaint.

20. Admits the allegations in paragraph 20 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Repeats and realleges each and every response made to the allegations contained in paragraphs 1 through 20 of the Complaint as if set forth fully herein.

22. Denies the allegations in paragraph 22 of the Complaint and respectfully refers the Court to the Age Discrimination in Employment Act of 1967 ("ADEA") for the relevant terms thereof.

23. Denies the allegations in paragraph 23 of the Complaint, except admits, upon information and belief, that plaintiff was born on March 7, 1955.

24. Admits the allegations in paragraph 24 of the Complaint, except avers that plaintiff's conduct as a manager was inappropriate and unprofessional, as well as intimidating towards his subordinates, and resulted in plaintiff being the subject of two sexual harassment investigations.

25. Admits the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint, except avers that plaintiff was terminated based on his inappropriate and unprofessional managerial conduct, among other things.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint and respectfully refers the Court to the ADEA for the relevant terms thereof.

29. Denies the allegations in paragraph 29 of the Complaint and respectfully refers the Court to the ADEA for the relevant terms thereof.

30. Denies the allegations in paragraph 30 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

31. Repeats and realleges each and every response made to the allegations contained in paragraphs 1 through 30 of the Complaint as if set forth fully herein.

32. Denies the allegations in paragraph 32 of the Complaint and respectfully refers the Court to the Executive Law of the State of New York for the relevant terms thereof.

33. Denies the allegations in paragraph 33 of the Complaint, except admits that BNY terminated plaintiff's employment on September 1, 2005.

34. Denies the allegations in paragraph 34 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

35. Repeats and realleges each and every response made to the allegations contained in paragraphs 1 through 34 of the Complaint as if set forth fully herein.

36. Denies the allegations in paragraph 36 of the Complaint and respectfully refers the Court to the Administrative Code of the City of New York for the relevant terms thereof.

37. Denies the allegations in paragraph 37 of the Complaint, except admits that BNY terminated plaintiff's employment on September 1, 2005.

38. Denies the allegations in paragraph 38 of the Complaint.

39. Denies the allegations in paragraph 39 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state, in whole or in part, a claim against BNY upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has failed to satisfy the requirements for bringing a claim pursuant to the New York City Administrative Code.

Dated: New York, New York
      December 21, 2007

WHITE & CASE LLP

*Sharon Parella*
Sharon A. Parella (SP-5183)
Tal Marnin (TM-9675)
Jennifer Frattini (JF-7324)

1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Attorneys for The Bank of New York

## VERIFICATION

STATE OF NEW YORK    )
                     )
COUNTY OF NEW YORK   )

      CONSTANCE S. HARRIS, being sworn, deposes and says that I am Managing Counsel at The Bank of New York which is the defendant in this action; that I have read the foregoing Verified Answer to the Verified Amended Complaint and know the contents thereof; that the same is true to my knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

                                                        _____
                                                          CONSTANCE S. HARRIS

Sworn to before this
21st day of December, 2007.

_____
Notary Public

      SYLVIA COHEN
Notary Public, State of New York
      No. 31-5747950
  Qualified in New York County
Commission Expires July 31, 2010

To:   The Law Offices of Paul J. Giacomo, Jr.
      Attorneys for Plaintiff
      The Chrysler Building
      405 Lexington Avenue, 37th Floor
      New York, New York 10174

6411119